IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-18-BO

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| GARY ROBINSON | ) | |

This cause comes before the Court on defendant's motion to withdraw his guilty plea. [DE 48]. The government has responded in opposition, and a hearing was held on July 25, 2019, at Raleigh, North Carolina. In this posture the motion is ripe for ruling, and, for the reasons discussed below, the motion is granted.

## BACKGROUND

Defendant Robinson is charged in a nine count indictment with heroin distribution and firearms charges. On February 21, 2019, the Court held two hearings pursuant to Fed. R. Crim. P. 11 in this case. At the first, which occurred at approximately 10:00 a.m., Robinson entered a plea of not guilty on all counts. At the second, which occurred at approximately 3:30 p.m., the Court first made a finding, without objection from defense counsel, that Robinson is competent to proceed. Robinson then entered a plea of guilty on counts four and five of the indictment – possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of heroin and using and carrying a firearm during and in relation to a drug trafficking crime – pursuant to a written plea agreement.

Defense counsel moved to withdraw on March 4, 2019. Substitute counsel appeared on March 26, 2019, and the final presentence report was filed on June 21, 2019. On July 15, 2019, Robinson moved to withdraw his guilty plea. He argues that there is credible evidence that he did

not knowingly and voluntarily enter a plea of guilty. Robinson relies on his history of mental illness, to include diagnoses of post traumatic stress disorder, schizophrenia, and paranoia, and that at the time of his plea he had not been taking his medications. Robinson contends that he was not in the right state of mind when he pleaded guilty and signed the plea agreement. Robinson does not appear to challenge the finding that he is competent to enter a plea and stand trial.

## DISCUSSION

Rule 11(d) of the Federal Rules of Criminal Procedure allows a defendant to withdraw his guilty plea prior to sentencing if he can show a fair and just reason. Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has demonstrated a fair and just reason, courts in this circuit consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

The Court conducted a thorough Rule 11 proceeding when it accepted Robinson's guilty plea, during which Robison, under oath, stated that he was knowingly and voluntarily entering into his plea. Such statements are presumed to be true. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In a declaration in support of his motion, Robinson contends that he was rushed into accepting the plea and that he needed more time to think given that at the time he was not taking any needed psychotropic medications. *See* [DE 48-2]. The transcript of the afternoon hearing reflects that Robinson was confused, at least at the outset, about whether he would be pleading guilty or not guilty. As for the remaining factors, Robinson has not asserted his legal innocence but withdrawal of the plea will not inconvenience the Court nor will it prejudice the government. There has not

2

been a substantial delay between the entry of the plea, appointment of substitute counsel, and the filing of this motion; substitute counsel further stated that since he was assigned to the case Robinson has consistently stated that his plea was not voluntary. Finally, Robinson's contention that his counsel on 21 February 2019 pressured and rushed him at least calls into question whether he received the close assistance of competent counsel.

Having considered the relevant factors, as well as the timing of and circumstances under which Robinson's plea of guilty was entered, the Court finds that the factors weigh in favor of allowing Robinson to withdraw his guilty plea.

## CONCLUSION

Accordingly, the motion to withdraw the guilty plea in this matter [DE 48] is ALLOWED. This matter is SET for re-arraignment on July 30, 2019, at 2:30 p.m. at Raleigh, North Carolina.

SO ORDERED, this 25 day of July, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3